UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 01/24/2022

---------------------------------------- x

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,

Petitioner,

-against-

1:21-mc-00829 (LAK)

ALLEN L. MUNRO, et al.,

Respondents.

---------------------------------------- x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on a motion by Teachers Insurance and Annuity Association of America ("TIAA") for a protective order[1] with respect to a subpoena to produce documents issued by the United States District Court for the Central District of California in an action pending there. Respondents here are plaintiffs that case, in which they seek to recover losses suffered by the relevant retirement plans due to defendants' alleged breaches of fiduciary duty. One of plaintiffs' claims is that defendants caused the plans "to pay excessive recordkeeping fees" to TIAA as the plans' service provider.[2]

This is where the August 18, 2021 subpoena comes in. Plaintiffs subpoenaed TIAA for records that TIAA produced to the SEC, the Office of the New York Attorney General, and other regulators in connection with investigations into TIAA's cross-marketing practices. In essence, the investigations concern TIAA's improper inducement of plan participants to "roll-over" their assets from employer-sponsored retirement plans into more expensive TIAA Services accounts.[3] After at least two unsuccessful meet and confers, petitioner moved this Court for a protective order under

---

1 Petitioner's Notice of Motion for a Protective Order, Dkt. 1 at 1. All docket citations are to 1:21-mc-00829 (LAK) unless otherwise specified.

2 Plaintiffs' Opposition to Motion for a Protective Order, Dkt. 12 at 1 (citing Layden Declaration, Dkt. 11-4 ¶¶ 167-93).

3 TIAA settled with the SEC and the New York Attorney General. *See* Dkt. 11-2; 11-3.

Federal Rule of Civil Procedure 26. It alleges that the subpoena is overbroad, seeks irrelevant and privileged information, and would subject nonparty TIAA to an undue burden.[4] Respondents in turn moved under Rule 45(f) for the proceedings to be transferred to the issuing court, the Central District of California.[5]

The Court begins with respondents' motion to transfer, as that motion's resolution will determine whether or not this Court should rule on the motion for a protective order.

> "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."[6]

As petitioner does not consent to the transfer, the Court must determine whether there are "exceptional circumstances."

> "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."[7]

Respondents have shown that there are exceptional circumstances favoring transfer of this motion to the issuing court. Both parties have cited a variety of cases in which district courts have propounded on the meaning of "exceptional circumstances." In this case, it is quite simple.

The Advisory Committee explains that exceptional circumstances exist when the issuing court "has already ruled on issues presented by the motion." Petitioner's lead argument is that the subpoena "appears to be designed to seek early discovery in *Carfora v. TIAA*, Case No. 21-cv-8384 (S.D.N.Y. Oct. 11, 2021), [plaintiffs' counsel's] unrelated and recently filed action" now pending before Judge Failla in this district.[8] But respondents note that "the issuing court has already

4 Petitioner's Memorandum in Support of the Motion for a Protective Order, Dkt. 2 at 2.

5 Respondents' Notice of Motion to Transfer to Issuing Court, Dkt. 9.

6 Fed. R. Civ. P. 45(f).

7 *Id.*, Advisory Committee's note to 2013 amendment.

8 Dkt. 2 at 1.

rejected nearly identical 'suspicions' from another third-party, compelled it to produce documents and issued a protective order" aimed at preventing the use of discovery material in other actions.[9] The protective order requires that "[t]he parties to this action and their respective counsel shall not use any discovery obtained in this action for any purpose other than the litigation of this action."[10] Because the issuing court has already ruled on the primary issue arising in this dispute, transfer is proper.

I am mindful of the other factors at play, including the potential burden on local nonparty TIAA, and that "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."[11] Nevertheless, litigating before the issuing court will not present a burden for TIAA or its counsel, which both have offices in California.

For the reasons discussed above, Respondents' motion (Dkt. 9) is granted. Petitioner's motion for a protective order (Dkt. 1) shall be transferred to the Central District of California, and this action will be closed. The Clerk of Court is directed to transfer the case file forthwith.

SO ORDERED.

Dated: January 21, 2022

Lewis A. Kaplan
United States District Judge

---

9 Memorandum in Support of Plaintiffs' Motion to Transfer to Issuing Court, Dkt. 10 at 9.

10 *Munro*, Dkt. 248 at 2.

11 Fed. R. Civ. P. 45(f), Advisory Committee's note to 2013 amendment.